RULEY, JUDGE:
In August, 1975, the claimant was convicted of grand larceny upon a plea of guilty in the Circuit Court of Putnam County. Upon order of that court, he then was sent to the Diagnostic and Classification Unit of Huttonsville Correctional Center for a pre-sentence evaluation and report. While confined in that unit on October 18,1975, he was the victim of a physical attack by another inmate. He sustained very severe injuries of his head and face for which he filed this claim in the sum of $150,000.00. The inmate who committed the attack recently had been convicted of a felony and sentenced and, at that time, was confined in that unit for post-sentence evaluation and classification. It is asserted that the respondent was negligent in intermingling inmates who were there *118 for pre-sentence evaluation with those who were there for post-sentence evaluation and in failing to provide adequate measures to protect the inmates.
The evidence shows that, at the time of the incident, there were 32 inmates in the Diagnostic and Classification Unit, 18 being there for post-sentence evaluation and 14 for pre-sentence evaluation. That unit and the persons confined in it were isolated from the remainder of the inmates at Huttonsville Correction Center in a room similar to an open barracks with beds down each side of a center aisle. There were television cameras in each of the four corners of the room which projected photographs on a bank of four television screens in the guard room which was located at one end of the unit. A guard, Glenn Johnson, was on duty there at the time of this incident and a guard was maintained there twenty-four hours a day. Help, in the persons of other guards, was nearby at all times. According to the undisputed testimony, there was more security on this unit than in any other part of the correctional center. There also was a television receiver in the unit for the entertainment of the inmates. It appears that, at about 9:00 p.m., there was a disagreement between some of the other inmates as to which of two programs would be viewed and the assailant, taking unwarranted offense at an inoffensive remark made by the claimant, attacked him striking him first upon the head with a “butt can” (a large coffee can converted into a receptacle for cigarette butts). Mr. Johnson first heard an unusual noise in the room and then saw what appeared to be a disturbance on one of the television monitor screens. He immediately called for assistance and then entered the unit through the manual slammer and then the electronic slammer. As it happened, Sargeant Simmons, responding to his call entered right behind him. Upon Mr. Johnson’s order, the assailant stopped the attack. The entire incident appearts to have lasted no more than two minutes.
As of October 18,1975,1800 inmates had passed through the unit for post-sentence evaluation and 325 for pre-sentence evaluation (a more recent procedure). There never previously had been an incident which involved a serious injury. W. Joseph McCoy, Commissioner of the Department of Corrections, testified that there was motivation for good behavior by inmates there for post-sentence evaluation because their conduct could affect the determination of where their sentence would be served. In any event, there seems to be no basis either in theory or experience from which it could be concluded that an attack such as this would *119 result as a foreseeable consequence of mixing the two categories of inmates. Similarly, the undisputed evidence precludes a finding that the respondent was negligent in failing to provide adequate measures to protect the claimant. Accordingly, the issue of liability must be resolved in favor of the respondent.
Claim disallowed.